Jason A. Scurti
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
(212) 801-2153

Attorneys for Defendants
Gershenson and Associates, Inc. and
Stephen Gershenson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMERICAN MANAGEMENT ASSOCIATION INTERNATIONAL,

    Plaintiff,

- against -

STUART SYME,
GERSHENSON AND ASSOCIATES, INC., and
STEPHEN GERSHENSON, individually
and in his capacity as President of
GERSHENSON AND ASSOCIATES, INC.,

    Defendant.
-------------------------------------------------------------------X

Civil Action No.: 08 CIV-6998
(SHS) (FM)

**DECLARATION OF**
**STEPHEN GERSHENSON**

  1. I am the President, sole owner and sole employee of Gershenson and Associates, Inc. ("G&A"), and am authorized to make the statements contained in this declaration. Further, I am over the age of 18 and have personal knowledge of the facts set forth herein or knowledge based upon review of the business records of G&A made and kept in the ordinary course of its business.

  2. I have read the Verified Complaint for Injunctive Relief & Damages filed by Plaintiff American Management Association International ("AMA").

  3. The statements made in this declaration are made in my individual capacity and, where indicated, also on behalf of G&A.

4. In January 1978, I established a management consulting firm, G&A, to provide services to various companies and individuals, including AMA. Over the years, I and other individuals associated with G&A delivered hundreds of seminars to thousands of registrants in both public and private seminars, and developed courseware for G&A's clients, including AMA.

5. On May 31, 2006, AMA and I entered into the Independent Contractor Agreement at issue in this litigation (the "Agreement"), a copy of which is attached to AMA's Verified Complaint as Exhibit "B." Pursuant to its terms, the Agreement superseded all prior agreements between AMA and me and became effective July 1, 2006 for a term of three (3) years.

6. AMA tenders payment to G&A for personal services rendered by me and other individuals who are both affiliated with G&A and independent contractors for AMA.

7. In or about July 2005, G&A entered into a written consulting and service agreement with Shaw E&I, pursuant to which G&A agreed to provide consulting services to Shaw E&I (the "Consulting Agreement").

8. Since execution of the Consulting Agreement in 2005, I and other individuals associated with G&A have performed consulting services for Shaw E&I directly and without objection from AMA. I have not accepted any engagement for delivery of project management seminars for Shaw E&I from AMA since the effective date of my Agreement with AMA. Although I do not believe that I would be precluded under the Agreement from delivering project management seminars directly to Shaw E&I, I have not taken such action.

9. Based on a written communication from AMA that I have seen, there was no contract between AMA and Shaw E&I for delivery of any training prior to or at the time of the April 16, 2008 seminar in Atlanta, Georgia. In regards to the project training seminar presented to Shaw E&I in April 2008, I did not travel to Atlanta, Georgia or participate in the delivery of the seminar. I did not conspire, collude or engage in any other activity designed to steal or divert

Shaw E&I from AMA. I did not disclose, use or reveal any of AMA's Proprietary Information, as that term is defined in the Agreement, in connection with the April 2008 seminar for Shaw E&I.

10. Between April 16, 2008 and May 23, 2008, I and Stuart Syme ("Syme") delivered training seminars at the request of and for AMA. Specifically, I delivered training seminars at the request of and for AMA on at least the following occasions: May 5-7, 2008 in Chicago, Illinois, on May 14-16, 2008 in Huntington Beach, California, and on May 19-21, 2008 in Dallas, Texas. Syme delivered training seminars at the request of and for AMA on at least the following occasions: April 28-29, 2008 in Washington, D.C., May 2, 2008 in Houston, Texas, May 6-8, 2008 in Charlotte, North Carolina, May 12-14, 2008 in San Francisco, California, May 16, 2008 in Houston, Texas, May 19-20, 2008 in San Francisco, California, and May 21-23, 2008 in Denver, Colorado. As of the date of this Declaration, AMA has never compensated me or Syme for our personal services related to at least five (5) of these seminars rendered after April 16, 2008, including any reimbursement for our travel.

11. By letter dated May 23, 2008, AMA terminated both the Agreement between us and all assignments for public or onsite programs that I had been scheduled to deliver. The May 23, 2008 letter from AMA did not provide 30 days notice of the termination or set forth any reason for the termination.

12. On June 6, 2008, I, through my attorneys, responded to AMA as follows:

> Mr. Syme and Mr. Gershenson are willing to return, purge from their electronic systems, and refrain from using or disclosing those materials and intellectual property that may rightfully belong to AMA, provided that AMA agrees to do the same.
>
> ***
>
> Please contact the undersigned at your earliest convenience to discuss the demands contained herein and so that arrangements may be made for the exchange of intellectual property belonging to AMA and Mr. Syme or Mr. Gershenson, respectively.

3

Neither AMA nor its counsel ever contacted me or my counsel (to my understanding) for the purpose of scheduling a meeting to exchange the intellectual property belonging to the respective parties.

13. On August 7, 2008,[1] I, through my attorneys, further responded to AMA as follows:

> Notwithstanding and without waiver of any and all of Mr. Gershenson's rights and claims against American Management Association International ("AMA"), including, without limitation, those matters set forth in our letter to you dated June 6, 2008, please be advised that Mr. Gershenson has not, and does not intend to, solicit or accept engagements for delivery of training services (as limited in the Agreement) from AMA's clients to whom he has provided training services on behalf of AMA *"for one (1) year following the completion of an engagement to such client(s)."*

14. Prior to and at the time this letter was written, I did not have a copy of my Agreement in my possession, custody or control. However, I did have access to a copy of an Independent Contractor Agreement between AMA and Syme. At the time, I presumed that the two independent contractor agreements were identical, but now know that presumption was incorrect. The assurance of non-solicitation that I provided to AMA affords AMA greater protection than it is entitled, without regard to AMA's breach of the Agreement. Ironically, I provided such assurances to AMA with the hope of avoiding costly, protracted and unwarranted litigation.

15. I did not accept any engagement from AMA to provide training services for Shaw E&I within the one-year period prior to April 2008.

16. Neither I nor G&A knew about the existence of any Training Agreement (as that phrase is defined in the Verified Complaint) between AMA and Shaw Group, Inc. until reading about it in the Verified Complaint. I, and therefore G&A, did not, and still do not, know the terms

---

[1] This was eight (8) days before I was served with process, and before I was aware of this lawsuit.

of the Training Agreement, including but not limited to any pricing, scope of engagement, or upon whom it is binding.

17. I and G&A have been in business for over 30 years and thus, AMA's requested document production would take an inordinate amount of time, effort and expense to compile.

18. I (and G&A) would suffer substantial hardship, prejudice and interruption to my personal life and business practices and operations, if I was ordered to participate in and dedicate my limited resources to an expedited discovery process as requested by AMA.

19. I reside in Boca Raton, Florida and any deposition in this matter should be scheduled and taken, if at all, where I reside or voluntarily agree to appear.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Palm Beach County, Florida on August 21, 2008.

                                                             _____
                                                                     STEPHEN GERSHENSON

FTL 107,096,5371 113108010100v